UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNNITED STATES OF AMERICA, | ) | CASE NO. 1:22-CR-509 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| ARTHUR DEANGELO FAYNE, | ) | **ORDER ON MOTION FOR** |
| | ) | **EARLY TERMINATION** |
| Defendant. | ) | **OF SUPERVISED RELEASE** |
| | ) | |

Before the Court is Defendant Arthur DeAngelo Fayne's Motion for Early Termination of Supervised Release. (Doc. No. 5.) The government was ordered to respond by June 8, 2023. (5/25/2023 Non-Document Order.) The government has not filed any response. On June 14, 2023, the Probation Department submitted an Information Report notifying the Court that Defendant has been compliant with all conditions of supervised release. The Probation Department recommends early termination. (Doc. No. 7 (Information Report).)

On April 6, 2009, Fayne pleaded guilty to a lesser-included offense of conspiring to possess and distribute controlled substances and money laundering. (Doc. No. 1-3 (Judgment).) Fayne's role in the conspiracy was one of a "manager or supervisor." (Doc. No. 2 at ¶¶ 25, 37 (Presentence Report).) On March 5, 2019, Fayne was sentenced to 21 months of incarceration followed by a three-year term of supervised release subject to mandatory and standard conditions. (Doc. No. 1-3.) The sentencing court also imposed the following special conditions: search and seizure; substance abuse treatment; mental health treatment; alcohol restriction; and financial disclosure. (*Id.*) Fayne's term of supervised release is to expire on April 8, 2024.

(Doc. No. 7.) This offense is Fayne's only offense of conviction (Doc. No. 2 at ¶¶ 44-50; Doc. No. 5; Doc. No. 7.) On April 9, 2021, Fayne began his term of supervision. (Doc. No. 3.)

Fayne is employed and pursuing his own logistics business. (Doc. No. 5.) He is an involved father and is engaged to be married. (*Id.*) He is fully compliant with the conditions of release. In his request, Fayne states: "Being a positive law-abiding citizen is not hard for me to do. Even more of the reason why I'm ashamed of my actions that caused me to be in this situation, again I accept full accountability." (*Id.*)

## LEGAL STANDARD

The Court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if [the Court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

Applicable factors the Court must consider when weighing a motion for early termination include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need "to afford adequate deterrence to criminal conduct"; (3) the need "to protect the public from further crimes of the defendant"; (4) the need "to provide the defendant with needed education or vocational training, medical care, or other correctional treatment"; (5) "the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines"; (6) "any pertinent policy statement"; and (7) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a).

The Court may also consider federal judicial policy, which recognizes a presumption in favor of early termination if the person: (1) is not a career drug offender or career offender or has

not committed a sex offense or engaged in terrorism; (2) presents no identified risk of harm to others; (3) has been free from any court-reported violations over a 12-month period; (4) demonstrates the ability to lawfully self-manage beyond the term of supervision; (5) is in substantial compliance with all conditions of supervision; and (6) engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision. *Guide to Judiciary Policy*, Vol. 8E, Ch. 3 § 360.20 (2022).

"Early termination is a discretionary decision warranted in cases of changed circumstances, such as where the defendant exhibits 'exceptionally good behavior.'" *United States v. Campbell*, No. 05-6235, 2006 U.S. App. LEXIS 32437, 2006 WL 3925588, at *1 (6th Cir. July 25, 2006) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)); *accord United States v. Atkin*, 38 Fed. Appx. 196, 198 (6th Cir. 2002). Simple compliance with the terms of supervised release, without more, is generally not considered exceptional. *See United States v. Laine*, 404 Fed. Appx. 571, 574 (3d Cir. 2010); *see also United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020) (clarifying that "extraordinary circumstances may be *sufficient* to justify early termination of a term of supervised release, but they are not *necessary* for such termination." (emphasis in original)).

It is the defendant's burden, "as the party receiving the benefit of early termination, to demonstrate that such a course of action is justified." *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006); *see also United States v. McDowell*, 888 F.2d 285, 291 (3d Cir. 1989) (It "logically follows that the burden of ultimate persuasion should rest on the party attempting to adjust the sentence.").

**ANALYSIS**

For the reasons that follow, the Court cannot conclude, as it must, that early termination of supervised release is warranted by Fayne's conduct or "in the interests of justice." As an initial matter, Fayne's request rests largely on his compliance with the terms of his supervised release. Simple compliance alone is not enough to support the "changed circumstances" finding the Court must make to terminate Fayne's supervision early. *See Laine*, 404 Fed. Appx. at 574. Fayne also states that early termination would allow him more frequent visits with his children attending out-of-state colleges and the ability to "move forward with his life." (Doc. No. 5.)

Fayne's sustained efforts to remain law-abiding, employed, and engaged with family are commendable. On balance, though, the applicable Section 3553(a) factors and policy considerations do not support a finding that early termination is warranted or in the interests of justice. Drug trafficking and money laundering to facilitate or conceal drug trafficking are serious offenses. Fayne was found to be a "manager or supervisor." To his credit, Fayne recognizes the severity of these crimes. (*Id*.) As set out above, Fayne has done much to improve while on supervised release. However, Fayne's request does not address if or how he will prioritize mental health treatment if released early. This is critically important to the Court's evaluation of the need "to protect the public" and "promote respect for the law" for two reasons. First, Fayne acknowledged during the presentence investigation that counseling and medication improved his condition. (Doc. No. 2 at ¶ 58.) Second, Fayne's improvements on supervised release occurred contemporaneously with sustained mental health treatment.

The Court has considered the applicable Section 3553(a) factors, focusing on "the nature and circumstances of the offense and history and characteristics of the defendant"; "the need to protect the public from further crimes of the defendant"; and the need "to promote respect for the

law" and finds that the term of supervised release previously imposed remains sufficient but not greater than necessary.

## CONCLUSION

For these reasons, Fayne's motion for early termination of supervised release (Doc. No. 5) is DENIED.  The Court does not find that his conduct or "the interests of justice" warrant early termination as required under 18 U.S.C. § 3583(e).  As for Fayne's stated interest in traveling to see his out-of-state children, Fayne may seek a modification of this condition.

**IT IS SO ORDERED.**

Date: August 21, 2023

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE